IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                          :

FRANK HEREDIA PEREZ                       :      CASE NO. 05-04673

    DEBTOR                                :      CHAPTER 7
_____
SAN JUAN OIL CO.                          :

    PLAINTIFF                             :      ADV. NO. 05-0189

        V.                             :

FRANK HEREDIA PEREZ, FRANK                :
HEREDIA REYES, MARIA DEL
CARMEN REYES & THEIR CONYUGAL             :
PARTENRSHIP, LISSETTE HEREDIA
PEREZ & HEREDIA AUTO SALES                :
CORPORATION,
    DEFENDANTS                            :
_____

**FILED & ENTERED**

**1 0 JAN 2007**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## OPINION AND ORDER

Before us is a motion to dismiss the amended complaint to determine the dischargeability of a debt under 11 U.S.C. § 523 and enter a money judgment, for lack of subject matter jurisdiction, filed by Los Heredia Auto Sales Corp., Frank Heredia Reyes, his wife María del Carmen Pérez and their conjugal partnership, and Lissette Heredia Pérez ("the non debtor defendants").[1]  We grant the motion for reasons that follow.

Allegations of the amended complaint show San Juan Oil Company claims Frank Heredia Pérez (the Debtor) did not pay



---

[1]  Frank Heredia Reyes and María del Carmen Reyes are Debtor's parents.  Lisssette Heredia Pérez is his sister. Heredia Auto Sales Corporation may be a corporation or "alter ego" of the non debtor defedants which may or may not own the gasoline station involved in this proceeding.

2

$116,377.55 for the gasoline he bought from the Plaintiff during the years 2001 through 2003, while he operated a gasoline station owned by all or any one of the non debtor defendants.  It also claims the non debtor defendants are jointly liable for payment of this gasoline based on two theories.  First, it states Debtor purchased the gasoline as the agent, officer, employee, or as an alter ego of the rightful owner(s).  Next, San Juan Oil claims Debtor entered into a joint business venture with the non debtor defendants to operate the gas station.  The non debtor defendants benefitted from the mentioned gasoline purchases, causing them to be jointly liable for its payment.

Based on these theories and allegations, San Juan Oil claims it is entitled to entry of orders finding: (1) "that the debtor's and/or **defendants'** indebtedness to San Juan Oil Company constitutes a non dischargeable debt pursuant to 11 U.S.C. § 523"; (2) that the Debtor was part of a joint business venture with his family members and Heredia Auto Sales Corporation making all of them jointly and severally liable to San Juan Oil Company for payment of the gasoline Debtor purchased, "together with interest, costs, expenses and reasonable attorney's fees"; and (3) these allegations gave rise to a "nondischargeable [money] judgment in favor of San Juan Oil Company against the debtor plus prejudgment and post judgment interest as provided by law, reasonable attorney's fees, costs and expenses."

The non debtor defendants argue this court lacks subject matter jurisdiction to grant the complaint's remedies against



3

them because: (1) they are not debtors in bankruptcy; (2) the
issue of dischargeability does not apply to them; (3) allegations
concerning the joint venture and joint and several liability for
the purchase of the gasoline involves a civil proceeding that
does not arise under Title 11 and is not related to the
administration of this bankruptcy estate.  We agree.  11 U.S.C. §
1334 and In re Wood, 825 F. 2d (5th Cir. 1987); Mattera v. Cambio
(In re Cambio), 353 B.R. 30 (BAP 1st Cir. 2004).

WHEREFORE, the non debtors motion to dismiss is granted.

SO ORDERED, in San Juan, Puerto Rico, on January 10, 2007

SARA DE JESUS
U.S. Bankruptcy Judge